UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

LUIS F. GOMEZ,

        Petitioner,

  v.

UNITED STATES OF AMERICA,

        Respondent.

Case No. 23-cv-339-pp

---

**ORDER SCREENING §2255 MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE (DKT. NO. 1) AND REQUIRING RESPONDENT TO FILE ANSWER OR RESPONSIVE PLEADING**

---

On March 14, 2023, the petitioner filed a motion to vacate, set aside or correct his sentence under 28 U.S.C. §2255, challenging his conviction in United States v. Gomez, 17-cr-113 (E.D. Wis.). Dkt. No. 1.

**I.    Background**

    A.    Underlying Case

On June 20, 2017, the grand jury returned an indictment against the petitioner and his co-defendants in Case No. 17-cr-113 (E.D. Wis.). Dkt. No. 1. Count One charged the petitioner with knowingly and intentionally conspiring to distribute one kilogram or more of heroin, five kilograms or more of cocaine and fifty grams or more of methamphetamine in violation of 21 U.S.C. §§841(a)(1), 841(b)(1)(a) and 846 and with aiding and abetting the conspiracy in violation of 18 U.S.C. §2. Id. at 2.

1

On November 12, 2019, at the conclusion of a six-day trial, the jury found the petitioner and his co-defendant, Pablo Hidalgo-Sanchez, guilty of Count One of the indictment. Dkt. No. 629. On January 19, 2021, the court sentenced the petitioner to 168 months in prison followed by five years of supervised release. Dkt. No. 891. The court entered judgment on January 26, 2021. Dkt. No. 892.

On January 27, 2021, the petitioner filed a notice of appeal. Dkt. No. 894. On appeal, the petitioner argued that the government's impermissible use of bolstering testimony warranted a new trial. Dkt. No. 1002 at 28. On March 31, 2022, the Seventh Circuit affirmed the petitioner's conviction, concluding that although the government had impermissibly introduced bolstering testimony at trial, the use of such testimony did not constitute plain error. Id. at 34.

### B. Petitioner's Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. §2255 (Dkt. No. 1)

On March 14, 2023, the court received from the petitioner the instant motion, arguing that he was deprived of his right to effective assistance of counsel in violation the Fifth, Sixth, Eighth and Fourteenth Amendments. Dkt. No. 1 at 2-3. The petitioner says that his counsel was ineffective by: giving him bad advice that caused him to reject a plea offer and go to trial, thereby losing the opportunity for a more favorable sentence; failing to file timely objections to the presentence report; failing to perfect the record on appeal; and failing to present sufficient and credible evidence during trial and at sentencing to show

2

that the sentencing enhancement under USSG §3B1.1(a) was improperly calculated. Id. at 4. The petitioner requests an evidentiary hearing. Id. at 8-9.

**II.     Analysis**

    A.     Standard

In a §2255 proceeding, the court must first review—or "screen"—the motion. Rule 4 of the Rules Governing Section 2255 Proceedings provides that

> [i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

A petitioner seeking relief under §2255 must allege either that the sentence violated the Constitution or laws of the United States, that the court was without jurisdiction, that the sentence exceeded the maximum authorized by law or that the sentence is otherwise subject to collateral attack. 28 U.S.C. §2255(a). At the screening stage, the court considers whether the petitioner has raised claims that can be adjudicated in a §2255 proceeding, whether the petitioner has exhausted his claims and whether he filed the motion within the limitations period.

    B.     Discussion

The petitioner did not raise the ineffective assistance claim on direct appeal. Normally, the failure to raise a claim on direct appeal prevents the court from considering that claim in a §2255 motion. Delatorre v. United States, 847 F.3d 837, 843 (7th Cir. 2017) ("[a]ny claim that could have been

3

raised originally in the trial court and then on direct appeal that is raised for the first time on collateral review is procedurally defaulted."). There is an exception, however, for claims of ineffective assistance of counsel, which may be brought for the first time in a §2255 motion. Massaro v. United States, 538 U.S. 500, 504 (2003); United States v. James, 635 F.3d 909, 916 (7th Cir. 2011). The petitioner's motion asserts ineffective assistance of counsel, which is cognizable for §2255 relief and not subject to the exhaustion requirement.

The motion appears timely. Generally, the Antiterrorism and Effective Death Penalty Act of 1996 imposes a requirement that a petitioner file a motion for collateral review within one year of his conviction becoming "final." 28 U.S.C. §2255(f)(1). The Seventh Circuit affirmed the petitioner's conviction and sentence on March 31, 2022. Under Supreme Court Rule 13, the petitioner's judgment became final when the ninety-day period to petition for *certiorari* expired. The March 14, 2023 motion was filed within the one-year period under 28 U.S.C. §2255(f)(1). The court cannot say from the face of the §2255 motion that the petitioner is plainly not entitled to relief. It will allow the petitioner to proceed on his claim and order the respondent to answer or otherwise respond to the §2255 motion.

### III. Conclusion

The court **ORDERS** that within sixty days of the date of this order, the respondent shall answer or otherwise respond to the petition, complying with Rule 5 of the Rules Governing §2255 Cases, and showing cause, if any, why the writ should not issue.

The court **ORDERS** that the parties must comply with the following schedule for filing briefs on the merits of the petitioner's claims:

(1) the petitioner has forty-five days after the respondent files the answer to file a brief in support of his petition;

(2) the respondent has forty-five days after the petitioner files his initial brief to file a brief in opposition;

(3) the petitioner has thirty days after the respondent files the opposition brief to file a reply brief, if he chooses to file such a brief.

If, instead of filing an answer, the respondent files a dispositive motion:

(1) the respondent must include a brief and other relevant materials in support of the motion;

(2) the petitioner may file a brief in opposition to that motion within forty-five days of the date the respondent files the motion;

(3) the respondent has thirty days after the petitioner files his opposition brief to file a reply brief, if the respondent chooses to file such a brief.

The parties must submit their pleadings in time for the court to *receive* them by the stated deadlines.

Dated in Milwaukee, Wisconsin this 18th day of July, 2023.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**

5

Case 2:23-cv-00339-PP   Filed 07/18/23   Page 5 of 5   Document 2